1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7

| | |
|---|---|
| 8  ALLSTATE PROPERTY AND | NO. 2:14-cv-00311-SAB |
| 9  CASUALTY INSURANCE COMPANY | |
| 10 and ALLSTATE INDEMNITY | **ORDER DENYING** |
| 11 COMPANY, | **PLAINTIFFS' MOTION FOR** |
| 12            Plaintiffs, | **SUMMARY JUDGMENT** |
| 13            v. | |
| 14 JONG HWAN CHOI, a married man, and | |
| 15 JESSICA ARROYO OBISPO, an adult | |
| 16 woman, | |
| 17            Defendants. | |
| 18 | |

19        This is a declaratory judgment action which involves evaluating the
20 circumstances necessary to trigger an insurance company's duty to defend and
21 indemnify when the insured is sued by the victim of alleged sexual misconduct.
22 The parties agree that allegations of intentional sexual assault do not, standing
23 alone, trigger either duty. But, in most cases, allegations of negligent conduct
24 trigger both duties. The insured in this case initiated sexual contact with the victim
25 who has now filed a lawsuit against the insured alleging both negligent and
26 intentional conduct. The principal question is whether the duty to defend and the
27 duty to indemnify are triggered by an allegation that the insured negligently
28

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT ~ 1**

concluded that he had consent from the victim to engage in sexual activity. The answer is yes.

### *Summary of the Case*

Allstate Property and Casualty Insurance Company and Allstate Indemnity Company (jointly "Allstate") bring this action for declaratory judgment against Jong Hwan Choi and Jessica Arroyo Obispo. Choi carried a Homeowner Policy and Personal Umbrella Policy at the relevant times. Allstate seeks a declaration that there is no coverage or duty to defend for claims made by Obispo against Choi arising out of an incident which is now the subject of a lawsuit pending in Grant County Superior Court.

Obispo alleges that Choi sexually assaulted her at his home in March 2013. She filed suit against him and alleges several causes of action, including: (1) assault; (2) battery; (3) false imprisonment; (4) intentional or reckless infliction of emotional distress; (5) negligence; and (6) negligent infliction of emotional distress. Allstate is providing a defense in the pending lawsuit subject to a reservation of rights. Choi defends with the explanation that, in his opinion, Obispo consented to the sexual activity at the time it occurred. This was the same explanation that he gave in court when he pled guilty to a misdemeanor count of Assault in the Fourth Degree with Sexual Motivation.

### *Motion Standard*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT** ~ 2

(1986).  The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

In addition to showing that there are no questions of material fact, the moving party must show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000).  The moving party is entitled to judgment as a matter of law if the non-moving party has failed to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.  The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### *Analysis*

Allstate denies liability to defend or indemnify as to Obispo's suit against Choi claiming there was no "Occurrence" as defined under either the homeowner or personal umbrella policy and that Choi's actions fall under the intentional and criminal acts exclusion.

The duty to indemnify only exists if the policy covers the acts that give rise to the insured's liability. The duty to defend, however, is different from—and broader than—the duty to indemnify. *American Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 696 (2010). There is a duty to defend when a complaint against the insured—construed liberally—alleges facts which could impose liability against the insured within the policy's coverage. *Id.* (citing *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wn.2d 751, 760 (2002)) If there is any reasonable interpretation of the facts or law that could result in coverage, the duty to defend attaches. *Id.* Generally, Courts should interpret insurance contracts as

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT** ~ 3

the average insurance purchaser would understand them, giving undefined terms their plain, ordinary and popular meaning. *Allstate Insurance Company v. Raynor*, 143 Wn.2d 469, 476 (2001). Court's should attempt to give meaning to each provision in the policy and ambiguity is resolved in favor of the insured. *Moeller v. Farmers Ins. Co. of Washington*, 173 Wn.2d 264, 272 (2011). The interpretation of an insurance policy is a matter of law. *Raynor*, 143 Wn.2d at 476.

The controlling question in this case is whether Choi's actions, as alleged in Obispo's underlying complaint, constitute an Occurrence under either of Choi's Allstate policies, and if it does, whether the intentional and criminal acts exclusion applies. If the underlying complaint, if proven true, could result in Choi's liability then Allstate has a duty to defend Choi in the action.

The homeowner's policy states an Occurrence "means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." In turn, bodily injury is defined as "physical harm to the body, including sickness or disease, and resulting death." Accident is not defined in the policy.

The umbrella policy defines Occurrence as "an accident during the policy period, including contained and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury, personal injury or property damage." This policy defines bodily injury as: "(a) physical harm to the body, including sickness, disease, disability or death resulting from physical harm to the body; (b) shock, mental anguish or mental injury." Personal injury "means damages resulting from: (a) false arrest; false imprisonment; wrongful detention; (b) wrongful entry; invasion of rights of occupancy; (c) libel; slander; humiliation; defamation of character; invasion of rights of privacy." Accident is not defined in the umbrella policy either.

The crux of Allstate's argument is that sexual assault is an intentional act and cannot be considered an "accident." Allstate is correct in claiming that Choi's

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT ~ 4**

defenses to a claim are immaterial to whether Allstate has a duty to defend. If Choi was being sued for assault and simply denied it, or claimed he thought he had consent, the duty to defend would not attach—because there could be no circumstance under which the insurer could be liable. But, Obispo's complaint incorporates Choi's claimed defense both by making alternative claims of negligence and negligent infliction of emotional distress, and by explicitly pleading facts that include Choi's defense of mistaken consent. Thus, the question whether Allstate has a duty to defend is not limited to the allegations of assault, battery, or intentional infliction of emotional distress. Two of Obispo's claims rely on allegations that Choi in fact believed he had Obispo's consent to engage in the sexual touching. Therefore, the pertinent question is whether mistaken consent can constitute an occurrence under either the homeowner or umbrella policies. The Court holds that it can.

### 1. Accident

Because Accident is not defined in the policy, the Court must apply a definition as an average purchaser would understand it, using a plain, ordinary, and popular meaning. The average purchaser would not understand Accident to exclude all instances involving some deliberate or intentional actions as Allstate contends. For instance, an average purchaser would consider mistaking a red light for a green light as an accident even if depressing the gas pedal was an intentional act. Although in some Washington cases the common law definition of Accident has been applied, meaning intentionally performed acts can never be Accidents, many other cases employ the more ordinary definition that encompasses intentional actions that result in subjectively unintended results. *Compare Ramirez v. Allstate Ins. Co.*, 2012 WL 5384164 *2 (W.D. Wash. 2012) *and Safeco Ins. Co. of America v. Butler*. 118 Wn.2d 383, 401 (1992) ("an accident is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen happening occurs…") *with Fischer v. State Farm Fire*

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT** ~ 5

*& Cas. Co.*, 272 Fed. Appx. 608 (2008); *Allstate Insurance Co. v. Jackson*, 2010 WL 1849076 *3-4 (W.D. Wash. 2010); *Queen City Farms, Inc. v. Central Nat. Ins. Co. of Omaha*, 126 Wn.2d 50, 66-70 (1994) *and Nationwide Mut. Ins. Co. v. Hayles, Inc.*, 136 Wn. App. 531, 536-38 (2007). Accordingly, mistaking consent to engage in sexual touching could be considered an Accident for purposes of the policies. Whether Choi's actions were in fact negligent, or an Accident, will be determined in the underlying action, not here.

That this incident involved touching of a sexual nature does not automatically render the conduct non-accidental. On this point, *Fischer* is controlling. 272 Fed. Appx. 608. In *Fischer*, the Ninth Circuit held that sexual intercourse could be an accident. *Id*. Although *Fischer* involved a particularly odd set of facts, it demonstrates that intercourse, performed intentionally, can constitute an accident for insurance purposes in some circumstances. Here, although Choi's alleged mistaken consent is not as unique as the situation in *Fischer*, his alleged wrongful acts are also not nearly as severe as the acts described in the cases Allstate cites to show that sexual acts cannot be accidents. *See Schorno v. State Farm Fire and Cas. Co.*, 445 Fed. Appx. 956, 958 (9th Cir. 2011).

Because negligently mistaking consent before engaging in sexual activity could be understood by an average insurance purchaser to constitute an accident resulting in personal or bodily injury it qualifies as an occurrence under the umbrella policy.[1]

---

[1] What constitutes bodily or personal injury was not briefed before the Court. During the telephonic hearing, Plaintiffs argued that there was no bodily injury because no physical harm was claimed, citing *Grange Ins. Ass'n v. Roberts*. 179 Wash. App. 739 (2013). The provision defining bodily injury in that case explicitly required physical harm for bodily injury. Choi's umbrella policy, however, includes two types of bodily injury, one involving physical harm to the body, and the other including "shock, mental anguish or mental injury." The latter category omits the physical harm requirement present in the former category.

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT** ~ 6

## 2. Policy Exclusions

The underlying complaint could result in damages that do not fall under the criminal and intentional acts exclusion. Exclusions are interpreted narrowly, favoring coverage, and in a manner in accordance with the fundamental protective purpose of insurance. *See Dye Seed, Inc. v. Farmland Mut. Ins. Co.*, 2013 WL 6857593 *1 (E.D. Wash. 2013) (citing *Stuart v. Am. States Ins. Co.*, 134 Wn.2d 814 (1998); *Moeller*, 173 Wn.2d at 272 (2011). As previously explained, the negligence pleadings in the underlying complaint incorporate actions that may not have been intentional. Whether Choi acted with negligence or intent will be determined in Superior Court. Because the negligence claims were included in the underlying complaint—and not merely asserted as a defense to the suit—this Court cannot declare that the actions fall outside of Allstate's coverage due to the intentional act exclusion.

Similarly, the negligence claims rely on facts that are not necessarily criminal in nature. Although an assault could constitute a criminal act, it has not been proven for purposes of this declaratory action that assault occurred. Allstate is correct in stating that a criminal conviction is unnecessary in order for the criminal acts exclusion to apply. *See generally Allstate Ins. Co. v. Raynor*, 143 Wn.2d 469 (2001). Here, Choi's Alford plea to fourth degree assault with sexual motivation cannot be used to prove a criminal act. *Clark v. Baines*, 150 Wn.2d 905, 907 (2004) (Entering an Alford plea for two counts of fourth degree assault with sexual motivation does not have preclusive effect in subsequent civil litigation).

Obispo's complaint could result in damages resulting from such an injury. With regard to personal injury, Plaintiff orally cited Lyons, which appears to be a reference to *Lyons v. Fire Ins. Exchange*, a California appellate court decision. 161 Cal. App. 4th 880 (2008). The Court finds that opinion unpersuasive.

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT** ~ 7

Under Washington law, criminal exclusions do not apply to every act classified as a crime, but instead only to serious criminal action involving "malicious intent, from evil nature, or with a wrongful disposition to harm or injure other persons…" *Raynor*, 143 Wn.2d at 477 (citing *Van Riper v. Constitutional Government League*, 1 Wn.2d 635, 642 (1939). Here, it has not been established that the underlying acts involved such malicious intent. If only the negligence claims are proven, it cannot be said that the acts fall within the exclusion.

Allstate argues that the negligence claim cannot be used to support a duty to defend because there is no such claim for negligent failure to obtain consent for sexual advances under Washington law. Allstate cites no controlling law stating that the tort of negligence cannot arise from failure to obtain consent for sexual advances. Whether Obispo's negligence claim is meritorious or not is a matter for the state court. It is inappropriate for this Court to determine whether the tort can apply in these circumstances when no clear law on the matter exists and there is an ongoing state proceeding that will make that determination. Furthermore, even if there is no such negligence claim, Choi is entitled to a defense provided by Allstate on the negligent infliction of emotional distress claim standing alone.[2]

### 3. False Imprisonment

Obispo's underlying claim against Choi for false imprisonment provides a separate justification that Allstate must defend Choi in the underlying suit. The

---

[2] Allstate cites *Colbert v. Moomba Sports, Inc.*, for the proposition that negligent infliction of emotional distress is a limited action that does not apply in the instant case. 163 Wn.2d 43 (2008). That case, however, was a *bystander* negligent infliction of emotional distress case. The Supreme Court of Washington recently explained the elements of a negligent infliction of emotional distress claim are: (1) duty; (2) breach; (3) proximate cause; (4) damage; and (5) objective symptomatology. *Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481, 505 (2014). Assuming the facts in Obispo's complaint are proven true, she may succeed on a claim of negligent infliction of emotional distress against Choi.

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT** ~ 8

umbrella policy covers Occurrences which means an Accident that results in personal injury. Personal injury includes "damages resulting from: (a) false arrest; false imprisonment; wrongful detention; (b) wrongful entry; invasion of rights of occupancy; (c) libel; slander; humiliation; defamation of character; invasion of rights of privacy." False imprisonment and false arrest are intentional torts. *See Kellogg v. State*, 94 Wn.2d 851, 856 (1980). The policy's explicit inclusion of damages arising from these intentional torts is plainly incongruous with the intentional acts exclusion (or Plaintiffs proposed definition of Accident which excludes all intentional acts). This results in a blatant ambiguity which must be resolved in favor of the insured. *Moeller*, 173 Wn.2d at 272. This rule of interpretation applies with added force when, as here, a Court is interpreting exceptions or limitations of coverage. *Queen City Farms, Inc. v. Central Nat. Ins. Co. of Omaha*, 126 Wn.2d 50, 83 (1994). When faced with this contradictory policy that includes a very specific type of coverage (damage for false imprisonment) while excluding a broad swathe of damages (intentional and criminal acts) the average purchaser of insurance would likely believe himself to be covered for the specific damage explicitly listed in the policy. For this independent reason, Allstate must furnish a defense for Choi based on Obispo's claim for false imprisonment.

## CONCLUSION

Obispo's underlying complaint against Choi includes facts and claims that may, if proven true, obligate Allstate to indemnify Choi under his personal umbrella policy. Therefore, Allstate is required to furnish Choi with a defense in that case. Accordingly, Allstate's motion for summary judgment is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Amend Complaint, ECF No. 24, is **GRANTED**.

2. Plaintiffs' Motion to Amend or Correct the Motion for Summary Judgment (ECF No. 11), ECF No. 26, is **GRANTED**.

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT** ~ 9

3. Defendant Choi's Motion to Strike, ECF No. 35, is **DENIED**.

4. Plaintiffs' Motion for Leave to File Supplemental Brief and Motion to Strike, ECF No. 44, is **DENIED**.

5. Plaintiffs' Motion for Summary Judgment, ECF No. 11 as corrected by ECF No. 26, is **DENIED**.

   **IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

   **DATED** this 3rd day of March 2015.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT** ~ 10